# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK DEMOSS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:05cv736 (WWE) |
| | : | |
| | : | |
| CITY OF NORWALK BOARD OF | : | |
| EDUCATION, SALVATORE CORDA, | : | |
| LYNN MOORE, | : | |
|     Defendants. | : | |

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Mark DeMoss brings this action against Lynne Moore, individually and in her official capacity as Principal of West Rocks Middle School, Salvatore Corda, individually and in his official capacity as Superintendent of the Norwalk Public Schools, and the Norwalk Board of Education.  In his eighteen-count complaint, plaintiff alleges First Amendment retaliation against him by Moore, Corda and the Norwalk Board of Education (counts one through five), violation of his right to equal protection by Moore, Corda, and the Norwalk Board of Education (counts six through ten), racial discrimination in violation of Title VII and the Connecticut Fair Employment Practices Act ("CFEPA") by the Norwalk Board of Education (counts eleven and twelve), retaliation in violation of CFEPA by the Norwalk Board of Education (count thirteen), discrimination based on plaintiff's sexual orientation in violation of CFEPA by the Norwalk Board of Education (counts fourteen and fifteen), retaliation in violation of Title VII by the Norwalk Board of Education (count sixteen), and violation of Connecticut

1

General Statutes §§ 31-51q and 31-51m by all defendants (counts seventeen and eighteen).

Defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for failure to state a claim.[1]

BACKGROUND

The following factual background is reflected in the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff is a Caucasian male who is homosexual. He was formerly employed by the Norwalk Board of Education as a teacher from 2000 through 2003. In 2001, plaintiff commenced teaching as a math and science teacher at West Rocks Middle School ("WRMS"), where defendant Moore was principal. Plaintiff was also the program facilitator for the Connecticut Pre-Engineering Program ("CPEP").

In the fall of 2002, Moore instructed plaintiff that CPEP was primarily aimed at African Americans and that African Americans should be given preference over other equally qualified students. Plaintiff refused to give African Americans preference. Moore took retaliatory action against him for refusing to give such preferences by complaining to the CPEP district coordinator that plaintiff was not applying the correct criteria for acceptance of students into the program.

---

[1] As discussed further in this ruling, plaintiff's exhaustion of administrative remedies is considered a precondition to suit rather than a jurisdictional prerequisite. Thus, the Court considers this motion pursuant to the standards of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Spector v. Board of Trustees of Community-Technical Colleges, 463 F.Supp.2d 234 (D.Conn. 2006).

On January 9, 2003, Moore gave plaintiff a negative teacher evaluation and recommended that his contract not be renewed. On January 30, 2003, Moore gave plaintiff another negative teaching evaluation.

After plaintiff became ill due to the hostile work environment, Moore questioned plaintiff about his illness, and implied that he might have HIV/AIDS. Moore also disclosed confidential information about plaintiff's health to a journalist with the Stamford Advocate.

When plaintiff returned to work after a period of sick leave, Corda permitted Moore to remove plaintiff from his classroom and place him in isolation in a room outside Moore's office for the remainder of the year.

On June 13, 2003, plaintiff filed a complaint with the Norwalk Board of Education against Moore, asserting that she harassed him due to his sexual orientation. The complaint was investigated by Bruce Morris, who found no evidence of discrimination.

On October 8, 2003, defendants notified plaintiff that the Norwalk Board of Education had voted to terminate his contract effective immediately.

On December 23, 2003, plaintiff filed a charge of discrimination against defendants with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right-to-sue letter dated March 11, 2005 from the EEOC, and a release of jurisdiction letter from the CCHRO dated February 8, 2005.

On May 6, 2005, plaintiff filed this action against the Norwalk Board of Education and the City of Norwalk. On June 13, 2005, plaintiff served the Norwalk Board of Education and the City of Norwalk.

On September 13, 2005, counsel appeared on behalf of plaintiff and thereafter filed an amended complaint naming defendants Moore and Corda as additional defendants. However, neither Moore nor Corda have been served.

## DISCUSSION

Rule 12(b)(5) Motion to Dismiss

Once the defendant raises a challenge to the sufficiency of process, the plaintiff bears the burden of proving its adequacy. See Mende v. Milestone Technology, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003). A Rule 12(b)(5) motion to dismiss must be granted if the plaintiff fails to serve a copy of the summons and complaint on a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedures. Rzayeva v. U.S., 492 F.Supp.2d 60, 74 (D.Conn. 2007). Rule 4(m) provides that if service is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion "shall dismiss the action without prejudice as to that defendant."

Here, plaintiff does not dispute that defendants Moore and Corda were not served in accordance with Rule 4. Plaintiff requests that he be allowed a reasonable period of time in which to make service. Since defendants Moore and Corda already have notice of this suit through the service of the complaint upon the Norwalk Board of Education, no prejudice will ensue if plaintiff is permitted additional time to effectuate service. Accordingly, the motion to dismiss will be denied without prejudice. Plaintiff will be permitted to effectuate service within forty-five days of this order. If plaintiff does not effectuate service within this time frame, the Court will order dismissal of the action against Moore and Corda.

Rule 12(b)(6) Motion to Dismiss

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Exhaustion of Administrative Remedies

Defendants assert that this Court should dismiss plaintiff's Title VII and CFEPA claims of racial discrimination for failure to exhaust administrative remedies.

A plaintiff claiming employment discrimination pursuant to Title VII or CFEPA must pursue administrative procedures pursuant to certain deadlines before commencing a lawsuit.[2] Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001). Exhaustion is not a jurisdictional prerequisite, but is a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take

---

[2]Generally, the relevant federal precedent is applicable to Connecticut's anti-discrimination law. See Levy v. Commission on Human Rights and Opportunities, 236 Conn. 96, 103 (1996). Therefore, plaintiff's federal and state law discrimination claims will be reviewed together as appropriate.

remedial action.  Stewart v. United States Immigration and Naturalization Service, 762 F. 2d 193, 198 (2d Cir. 1985).

A district court may hear only Title VII or CFEPA claims that either are included in an administrative charge or that are based on conduct which is "reasonably related" to the conduct alleged in the administrative charge.  Butts v. City of New York Dept. of Housing, 990 F. 2d 1397, 1401 (2d Cir. 1993); Garris v. Department of Correction, 170 F.Supp.2d 182, 188 (D.Conn. 2001) (applying "reasonably related" analysis to CFEPA claim).

In Butts, the Second Circuit described three situations where claims not alleged in an administrative charge are sufficiently related to the allegations within the charge to allow such claims to proceed in the plaintiff's civil rights action: 1) where an investigation into the claims not raised would have reasonably flowed from an investigation into the claims alleged in the administrative charge; 2) where the plaintiff alleges retaliation by the employer against the employee for filing the administrative charge; and 3) where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the administrative charge.

To determine whether claims are reasonably related, the court should focus on the factual allegations of the administrative charge describing the alleged discriminatory conduct.  Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003).  The substance of the charge rather than its label controls the analysis.  Id.

On his administrative affidavit form, plaintiff failed to check that racial discrimination was a factor in the discrimination at issue.  The factual allegations of plaintiff's administrative affidavit state that "Dr. Lynne C. Moore aided and abetted the

City of Norwalk, Norwalk Board of Education when she failed to abide by the City of Norwalk and Norwalk Board of Education polices and practices against discrimination based on race and sexual orientation."  Although the conduct is not described with detail, plaintiff's administrative filing provided notice of the charges that should be investigated and resolved.  Accordingly, the Court finds that plaintiff has exhausted his administrative remedies as to racial discrimination.

Time Bar

To sustain a claim for unlawful discrimination under Title VII in a deferral state such as Connecticut, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts.  Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000).  CFEPA requires that a complainant file the administrative charge with the CCHRO within 180 days of the alleged discriminatory act.  Conn. Gen. Stat. § 46a-82e.  Whether certain alleged conduct is time barred varies according to whether the allegation is relevant to a theory of hostile environment or disparate treatment.  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).

The Supreme Court has instructed that "strict adherence to the procedural requirements by the legislature is the best guarantee of the evenhanded administration of the law."  Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).  An employer performs a separate employment practice each time it takes adverse action against an employee, even if the action is simply a periodic implementation of an adverse decision previously made.  See Ledbetter v. The Goodyear Tire & Rubber Co. Inc., 127 S.Ct. 2162, 2169 (2007) (EEOC charging period ran from time when discrete act of alleged intentional discrimination occurred, not from date when effects of practice were felt).

Plaintiff counters that the discrimination alleged constitutes a continuing violation throughout his employment. The continuing violation exception provides that a discriminatory incident occurring within the charging period may implicate and thereby render timely incidents otherwise outside of the charging period. Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993). A continuing violation occurs where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice. Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994). In ruling on this motion to dismiss, the Court cannot determine from the pleadings that a continuing violation does not exist. This inquiry is more appropriate in a ruling on a motion for summary judgment. Accordingly, the motion to dismiss will be denied on this ground.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss [# 35-1] for insufficient process is DENIED without prejudice; defendants' motion to dismiss for plaintiff's failure to timely exhaust claims [#35-2] is DENIED.

Plaintiff has 45 days from the date of this order to effectuate service as to defendants Moore and Corda. If plaintiff fails to effectuate service within this period, the Court will dismiss the claims against Moore and Corda.

```
_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE
```

Dated this __14th day of November, 2007 at Bridgeport, Connecticut.