UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK D. DEMOSS,
Plaintiff,

v.  No. 3 :05CV00736 (DJS)

NORWALK BOARD OF ED.,
Defendant

RULING AND ORDER

As the result of the Court's ruling on the defendant's motion for summary judgment, there are now two counts remaining in this case, both of which are claims pursuant to the Connecticut Fair Employment Practices Act against the defendant Norwalk Board of Education: Count Fourteen, sexual orientation discrimination and Count Fifteen, retaliation for complaining of sexual orientation discrimination. The defendant Board has filed a motion to dismiss in which it contends this Court lacks subject matter jurisdiction over these remaining claims because the plaintiff failed to exhaust an available administrative remedy. For the reasons that follow, the defendant's motion to dismiss (doc. #139) is denied.

BACKGROUND

By way of a letter dated August 25, 2003, the Norwalk Superintendent of Schools ("Superintendent") notified DeMoss that "the termination of your contract of employment as a teacher employed by the Norwalk Board of Education is under consideration." (Doc. #139-3, at 15). In response to a request made by DeMoss, through counsel, for the reason(s) for the proposed termination, the Superintendent indicated "inefficiency and/or other due and sufficient cause," and went on to specify "[p]roblems with teaching performance," "[p]roblems with the timely preparation of report cards," "[i]nterfering with the operation of the school and disruption of the learning environment," and "[l]eaving . . . assigned work location without appropriate

administrative authorization." *(Id.* at 20).

On October 8, 2003, the Superintendent notified DeMoss that "at its regular meeting of October 7, 2003 the Norwalk Board of Education voted to terminate your contract of employment effective immediately."*(Id.* at 23). Both DeMoss and his attorney signed a letter to the Norwalk Board of Education, dated October 13, 2003, in which DeMoss stated that he was "appeal[ing] the termination of his contract of employment and request[ing] a hearing concerning the termination of his contract of employment." *(Id.* at 25). No hearing was held or scheduled in response to DeMoss's request for a hearing.

At the time of his termination, DeMoss was a non-tenured teacher employed by the Norwalk Board of Education.

## DISCUSSION

The defendant's exhaustion claim is premised on the contention that DeMoss failed to request a hearing relating to his termination within the time allowed by the Connecticut Teacher Tenure Act, Conn. Gen. Stat. §10-151[1]. According to the defendant, "the plaintiff had until September 15, 2003 to request a hearing." (Doc. #139-1, at 7). This argument is based entirely on the following portion of Conn. Gen. Stat. §10-151(d) quoted in the defendant's memorandum:

---

[1]The facts the defendant relies on for purposes of its exhaustion claim were raised by the defendants in connection with their motion for summary judgment. No defendant claimed that these facts deprive the Court of subject matter jurisdiction, however, until after the Court had ruled on the summary judgment motion and denied the defendants' motion for reconsideration of that ruling, and after an unsuccessful settlement conference had been conducted. It is, to say the least, surprising that a claimed lack of subject matter jurisdiction was not raised at an earlier point in this litigation.

"'Within twenty days[2] after receipt of written notice by the superintendent that contract termination is under consideration, such teacher may file with the local or regional board of education a written request for a hearing.'" (*Id.*). Relying on this statutory language, the defendant asserts that since the Superintendent provided notice to DeMoss that his termination was under consideration on August 25, 2003, the twenty days within which DeMoss had to request a hearing ended on September 15, 2003. Since DeMoss did not request a hearing until October 13, 2003, the defendant claims the request was untimely and that DeMoss failed to exhaust his administrative remedy.

The fundamental flaw in the defendant's argument, as pointed out by the plaintiff in his response to the motion to dismiss, is that the statutory language upon which that argument is based applies only to tenured teachers. By its terms, Conn. Gen. Stat. § 10-151(d) pertains to "[t]he contract of employment of a teacher *who has attained tenure* . . . . " (emphasis added). Consequently, when that subsection states that "such teacher" may file a request for hearing within twenty days after receiving a notice that his termination is under consideration, the reference is to "a teacher who has attained tenure" *Id.* A teacher who is aggrieved by a decision "after a hearing as provided in subsection (d) of this section" also has a right of appeal to the Superior Court. Conn. Gen. Stat. §10-151(e).

Conn. Gen. Stat. § 10-151 (c), on the other hand, pertains to "[t]he contract of employment of a teacher *who has not attained tenure ....* " (emphasis added). A non-tenured

---

[2]This subsection was later amended to read "[n]ot later than ten calendar days" after receipt of a notice that termination was under consideration. 2012 Conn. Acts, No. 12-116, Sec. 57.

teacher, "upon written request filed with the board of education within twenty days[3] after the receipt of notice of termination . . . shall be entitled to a hearing . . . . " *Id.* Additionally, the only non-tenured teachers who have a right of appeal to the Superior Court following a final decision after a hearing are those "whose contract is terminated for the reasons enumerated in subdivisions (3) and (4) of subsection (d) of this section . . . ." *Id.* The reasons specified in those subdivisions are "(3) moral misconduct," and "(4) disability, as shown by competent medical evidence." Conn. Gen. Stat. §10-151(d).

      The August 25, 2003 notice sent by the Superintendent clearly stated that DeMoss's termination was "under consideration." (Doc.# 139-3, at 15). The legislature chose to use receipt of a notice "that contract termination is under consideration" to trigger the hearing request requirement on the part of a tenured teacher. Conn. Gen. Stat. § 10-151 (d). As to nontenured teachers, however, the legislature chose to use "receipt of notice of termination" to trigger the hearing request requirement. Conn. Gen. Stat. *§* 10-151 (c). "It is a basic tenet of statutory construction that the legislature does not intend to enact meaningless provisions . . . . In construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous . . . ." *Fairchild Heights, Inc. v. Dickal,* 305 Conn. 488, 500 (2012) (internal quotation marks and alterations omitted). *See also Shanbrom* v. *Orange Board of Ed,* No. 30 18 81, 1990 Conn. Super. LEXIS 1251, at *6 (Conn. Super. Ct. Sept. 11, 1990) ("Section 10-151 C.G.S. sets up a dichotomy between non-tenured and tenured teachers with regard to the procedures for ending employment.").

---

      [3]This subsection was also amended in 2012 to read "not later than ten calendar days" after receipt of a termination notice. 2012 Conn. Acts, No. 12-116, Sec. 57.

There has never been any dispute about the fact that DeMoss was a non-tenured teacher during the entire course of his employment by the Norwalk Board of Education.[4] As a non-tenured teacher, DeMoss was not subject to the hearing request requirements that the legislature specifically designated for tenured teachers. The actual notice of termination sent to DeMoss was dated October 8, 2003. The request for a hearing submitted to the Board by DeMoss was dated October 13, 2003, which was well within the twenty days required by Conn. Gen. Stat. §10-151(c). The defendant's failure to exhaust argument fails for this reason.

In opposing the defendant's motion, DeMoss also contends that, for purposes of considering a failure to exhaust claim, Conn. Gen. Stat. §10-151 (c) did not provide an adequate remedy, because that statute did not provide him with any right of appeal to the Superior Court. "[P]ursuant to §10-151, the superior court has jurisdiction to examine a board's termination of a tenured teacher but . . . the court lacks jurisdiction to review employment actions not so subject to a statutory right of appeal." *Shanbrom,* 1990 Conn. Super. LEXIS 1251, at * 7. The only non-tenured teachers provided with a statutory right of appeal by Conn. Gen. Stat. §10-151 (c) are those whose contracts were terminated for either moral misconduct or disability. Neither of these reasons was listed as a reason for DeMoss's termination. Consequently he had no statutory right of appeal. "The plaintiff was not required to exhaust administrative remedies in this case because there were no adequate administrative remedies available under §10-151. There was no right to appeal the decision of the board as a result of h[is] nontenured status. Therefore, the remedy does

---

[4] On April 1, 2003, the Human Resources Officer for the Norwalk Public Schools notified DeMoss that the administration of the Norwalk Public Schools had "elected to provide one more year of supervision and support *prior to consideration of tenure*." (Doc. #139-2, at 27, ¶ 9) (emphasis added).

not qualify as an adequate administrative remedy that the plaintiff was required to exhaust." *Perry v. EASTCONN Regional Educational Service Center*, WWMCV116004154S, 2014 Conn. Super. LEXIS 2316, at *26 (Conn. Super. Ct. Sept. 22, 2014).

Finally the Court notes it previously determined that certain alleged changes in the terms and conditions of DeMoss's employment, besides the termination of that employment, "qualify as an adverse employment action for purposes of his sexual orientation discrimination claim." (Doc. #121, at 18). These other changes in the terms and conditions of employment were not addressed by the defendant in its motion to dismiss. Even if there were merit to the defendant's claim regarding DeMoss's termination, which the Court has determined there is not, the exhaustion argument raised by the defendant would not apply to these other changes in the terms and conditions of his employment.

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss (**doc. #139**) is **DENIED**. The parties shall file their joint trial memorandum by April 23, 2015 in accordance with the previous order of this Court.

SO ORDERED this 9th    day of April,  2015.


                        /s/ DJS
                  Dominic J. Squatrito
                United States District Judge